IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARCELLOUS ANDRE HOLBROOK, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 09-830-LPS |
| : | |
| MIKE DELOY, Warden, and ATTORNEY : | |
| GENERAL OF THE STATE OF DELAWARE, : | |
| : | |
| Respondents. : | |

---

Marcellous Andre Holbrook. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

**MEMORANDUM OPINION**

September 13, 2012
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Marcellous Andre Holbrook ("Petitioner"). (D.I. 1) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## II. BACKGROUND

As set forth by the Delaware Superior Court, the facts leading to Petitioner's arrest and conviction are as follows:

> The United Sates Department of Justice Drug Enforcement Administrative Task Force ("Task Force") investigated [Petitioner] and placed him under surveillance for approximately one month before his arrest. On October 25, 2006, members of the Task Force executed a search and seizure warrant on [Petitioner's] residence, located at 11845 Hickman Drive, Laurel, Sussex County, Delaware. [Petitioner] identified the bedroom which the officers searched as being his bedroom. The officers initially did not locate any drugs. When one of the officers asked [Petitioner] about the location of the drugs, [Petitioner] told him where to find them in the bedroom. In [Petitioner's] bedroom, police located a letter addressed to [Petitioner]; a bag of crack cocaine; pants that contained a blue glove with two bags of cocaine, [Petitioner's] identification card and a key to a vehicle; $918 in United States currency in nine separate bundles (each bundle consisted of $100 worth of currency) located in a suitcase; and three cell phones. One of the bags of crack cocaine weighed 3.3 grams (approximately 24 to 68 individual dosage units would come out of that amount); the crack cocaine in the other bag weighed 4.6 grams; and the powder cocaine weighed 15.5 grams (approximately 13 to 50 individual dosage units would come out of that powder cocaine). The total amount of the drugs was 23.4 grams. The authorities did not locate any drug paraphernalia which would indicate that [Petitioner] was a user. The packaging of the drugs, the amount of the drugs, the packaging of the substantial amount of money, and the lack of drug paraphernalia show that [Petitioner] was dealing in drugs and not using drugs. The key

1

> found in the pants fit, and started, a vehicle [Petitioner] had been seen driving during the investigation. Although [Petitioner] said the key fit another vehicle, it fit the Geo Prism which was parked across the street from [Petitioner's] residence and which had been observed, during the investigation, parked outside [Petitioner's] residence. During a search of this vehicle, the authorities found a red backpack which contained two loaded handguns. [Petitioner] stipulated he was a person prohibited due to a prior criminal conviction.

*State v. Holbrook*, 2009 WL 406818, at *1 (Del. Super. Ct. Feb. 17, 2009).

Petitioner was indicted on the following charges in November, 2006: trafficking in cocaine (10 to 50 grams); possession with intent to distribute cocaine; two counts of possession of a deadly weapon by a person prohibited; and possession of drug paraphernalia. (D.I. 12 at 2) Following a two-day trial in June 2007, a Superior Court jury convicted Petitioner on all charges of the indictment. The Superior Court sentenced him to a total non-suspended period of twenty-four years of incarceration. Petitioner did not file a direct appeal. (*Id.* at 3)

In August 2007, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion. *Holbrook*, 2009 WL 406818, at*5. Petitioner filed a notice of appeal, which the Delaware Supreme Court dismissed as untimely. *Holbrook v. State*, 974 A.2d 858 (Table), 2009 WL 1372844 (Del. May 18, 2009).

Petitioner timely filed the instant Petition. (D.I. 1) The State filed an Answer, asserting that the Petition should be denied as procedurally barred. (D.I. 12)

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

2

"to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one

3

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see also Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989); *Werts*, 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman v. Thompson*,

501 U.S. 722, 750-51 (1991). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt, *see Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002). A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

IV. **DISCUSSION**

The Petition asserts two grounds for relief: (1) the police violated Petitioner's Fourth Amendment right to be free from unlawful searches and seizures; and (2) defense counsel provided constitutionally ineffective assistance.

5

A.     **The *Stone* Doctrine**

In *Stone Powell*, 428 U.S. 465, 494 (1976), the Supreme Court held that federal courts cannot provide habeas review of Fourth Amendment claims if the petitioner had a full and fair opportunity to litigate Fourth Amendment claims in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992) ("We have also held . . . that claims under *Mapp* [alleging evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review."). A petitioner has had a full and fair opportunity to litigate such claims if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, regardless of whether the petitioner actually availed himself of that mechanism. *See U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevented the state from fully and fairly hearing his Fourth Amendment claims. *See Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

In claim one, Petitioner contends that the search of his residence and seizure of the evidence violated his Fourth Amendment rights. However, the Court is barred from reviewing this claim under the *Stone* doctrine because Delaware has provided an opportunity for criminal defendants fully and fairly to litigate Fourth Amendment claims via pre-trial suppression motions. *See* Del. Super. Ct. Crim. R. 41. The fact that Petitioner's defense counsel did not avail himself of the opportunity to seek the suppression of the evidence is irrelevant to the *Stone* inquiry. Accordingly, the Court will deny claim one as barred by the *Stone* doctrine.

**B.     Procedural Bar**

Petitioner did not file a direct appeal. Instead, he raised claim one for the first time in his Rule 61 motion filed in the Delaware Superior Court. Under Delaware law, issues not raised at trial or on appeal are barred absent a showing of cause and prejudice. *See* Del. Super. Ct. Crim. R. 61(i)(3). Given Petitioner's failure to make any attempt to satisfy this requirement, the Superior Court held that Petitioner's Fourth Amendment claim was barred under Rule 61(i)(3). (D.I. 14, *Holbrook v. State*, Order (Del. May 18, 2009)) Thereafter, Petitioner filed a notice of appeal from the Superior Court's decision, which the Delaware Supreme Court dismissed as untimely under Delaware Supreme Court Criminal Rule 6. (*Id.*) In these circumstances, the Court concludes that claim one is procedurally defaulted.

As for claim two, Petitioner properly presented his ineffective assistance of counsel argument to the Delaware Superior Court in a Rule 61 motion,[1] and the Delaware Superior Court denied that claim as meritless. Nevertheless, claim two is also procedurally defaulted because the Delaware Supreme Court denied Petitioner's post-conviction appeal as untimely under Delaware Supreme Court Rule 6.

Having determined that claims one and two are procedurally defaulted, the Court can only review the merits of the claims if Petitioner demonstrates cause and prejudice. Significantly, Petitioner does not assert any cause for his default of claim two.[2] Even his attempt to establish

---

[1] In Delaware, a prisoner exhausts state remedies for an ineffective assistance of counsel claim for federal habeas purposes by first presenting it to the Superior Court in a Rule 61 motion, and then appealing any adverse decision to the Delaware Supreme Court. *See Waples v. Phelps*, 2008 WL 1743400, at *2 (D. Del. Apr. 16, 2008).

[2] None of Petitioner's filings in this proceeding attempt to establish cause for his default of claim two. However, in 2009, Petitioner filed in the Delaware Supreme Court a "Notice to

cause for his default of claim one – by blaming counsel for not filing a direct appeal – is unavailing. As just explained, this particular ineffective assistance of counsel claim is itself procedurally defaulted, and a procedurally defaulted ineffective assistance of counsel claim cannot constitute cause for another procedurally defaulted claim. *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000). Accordingly, Petitioner has not established cause for his default of claims one and two.

In the absence of cause, the Court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine cannot be applied to excuse Petitioner's default, because he has failed to provide any new reliable evidence of his actual innocence. Hence, the Court will dismiss Petitioner's two claims as procedurally barred.

## V. **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable:

---

Show Cause," alleging that his untimely notice of appeal in his state collateral proceeding was due to limited library access. (D.I. 14) Even if the Court were to view this "Notice to Show Cause" as an attempt to provide cause in this proceeding, Petitioner's conclusory and unsupported assertion regarding his limited library access fails to establish cause sufficient to overcome a procedural default.

(1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. <u>CONCLUSION</u>

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be **DENIED**. An appropriate Order will be entered.